UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   CIVIL ACTION NO.:

    Plaintiff,   HONORABLE:

vs.

MICHELLE M. MAUREAU, D.O.

    Defendant.

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Livingston County, Michigan within the jurisdiction of this Court and may be served with service of process at 9167 Rotondo Dr., Howell, MI 48855.

### The Debt

3. The debt owed to the United States of America is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $52,365.03 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,936.79 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| Total Owed | **$54,301.82** |

The Certificate of Indebtedness, which is attached to Plaintiff's Complaint, shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.125% per annum.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, United States of America prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

SHERMETA, ADAMS & VON ALLMEN, P.C.

Dated: September 20, 2013

By: s/Deborah A. Winslow
Deborah A. Winslow (P63179)
Attorneys for Plaintiff
P.O. Box 80883
Rochester, Michigan 48308
Telephone No.: (248) 519-1700
Facsimile No.: (248) 519-1701
dwinslow@shermeta.com

2013A69911



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                              Program Support Center

Rockville, MD 20857
JUL 2 5 2013

# CERTIFICATE OF INDEBTEDNESS

Michelle M. Maureau, DO

Howell, MI
Ref: ████9431

Total debt due to the United States of America as of July 1, 2013: $53,938.67 (principal $52,365.03, interest $1,573.64, administrative costs $0.00).

I certify that the Department of Health and Human Services' (HHS) records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $52,365.03 from July 1, 2013, at the rate of 3.125%. Interest accrues on the principal amount of this debt at the rate of $4.49 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Nova Southeastern University, you applied for and were granted Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p). You consolidated your HEAL loans into one HEAL Relief Account loan in the amount of 112,691.42. You signed a promissory note on June 25, 1999, agreeing to repay the loan at a variable rate of interest.

Upon your leaving the Nova Southeastern University, you were furnished a repayment schedule by the Pennsylvania Higher Education Assistance Authority (PHEAA) with notification that payments were to begin thereafter. Between April 21, 2000, and March 15, 2010, you made 105 payments, totaling $107,540.26.

On August 2, 2010, the PHEAA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to continue making payments, the PHEAA filed an insurance claim with the Department of Health and Human Services (HHS). The amount due was $50,774.00. The lender's claim was paid on July 15, 2011, and an assignment of the note was received.

By letter dated July 20, 2011, you were notified that the previous holder of your HEAL placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

By letter dated September 23, 2011, you were notified that your account had been referred to NCO Financial Systems for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into an RA. You did not comply.

In a letter dated November 4, 2011, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - MICHELLE M. MAUREAU, DO

On August 9, 2012, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

In a letter dated May 28, 2013, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

The following provides a breakdown of payments applied to your account:

| | | |
|---|---|---|
| 105 Payments to Lender | 04/21/00 to 03/15/10 | $107,540.26 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Eastern District of Michigan, 211 W Fort Street, Suite 2001, Detroit, MI 48226-3211.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

JUL 2 5 2013

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch